IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00074-GPG

DERIC VAN FLEET,

    Plaintiff,

v.

SGT. DELANDER, Maintenance,
CAPTAIN FRY, and
SGT. TUPPER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Deric Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Van Fleet is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Van Fleet will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Van Fleet alleges that he was tortured while in segregation because he was placed in a cell near loud and squeaky staircases and a loud air pressure release valve that goes off every thirty to forty minutes. However, he does not identify the specific constitutional claim or claims he is asserting based on the conditions in segregation. Construing the complaint liberally, it appears that Mr. Van Fleet may be asserting an Eighth Amendment claim. However, it is not clear whether he also intends to assert any other constitutional claims or what those claims may be.

Furthermore, Mr. Van Fleet fails to allege facts that demonstrate each of the named Defendants personally participated in the asserted constitutional violation. With respect to the conditions in segregation, Mr. Van Fleet alleges that Defendant Tupper

actually placed him in a particular cell in order to punish and torture him. Mr. Van Fleet does not allege facts that demonstrate either of the other Defendants subjected him to inhumane conditions of confinement or acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). As a result, Mr. Van Fleet fails to provide a short and plain statement of his claim or claims showing he is entitled to relief.

For these reasons, Mr. Van Fleet will be ordered to file an amended complaint. He must identify the specific federal claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Van Fleet file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Van Fleet shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Van Fleet fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 14, 2015, at Denver, Colorado.

                BY THE COURT:

                S/ Gordon P. Gallagher

                United States Magistrate Judge